STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In Re:<br><br>Michael S Raskay<br>Denise E Raskay<br><br>Debtor(s)<br><br>------------------------------------------<br>Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT<br><br>Creditor/Movant<br>v.<br>Michael S Raskay<br>Denise E Raskay<br><br>Debtor(s) | Chapter: 13<br><br>Bankruptcy Case: 20-11660-mdc<br><br>Judge: COLEMAN, MAGDELINE D. |
|---|---|

## CONSENT ORDER/STIPULATION
## SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT, through its Counsel, Stern & Eisenberg PC, under 11 U.S.C. § 362(d) (and § 1301) for relief from the automatic stay as to Debtor's real property located at *409 Evans Avenue, Willow Grove, PA 19090* (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion for Relief and for cause shown, it is hereby ORDERED AND DECREED as follows:

1. As of January 21, 2021, Denise E Raskay and Michael S Raskay (hereinafter, "Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments from August 1, 2020 as follows:

**PAYMENTS:**  $9,458.70

08/01/2020    01/01/2021    $1,576.45    @ 6 MONTHS    $9,458.70

**SUSPENSE BALANCE**  ($146.65)

**COUNSEL FEES/COSTS FOR MOTION**  $1,238.00

**POST-PETITION ARREARS ("ARREARS")**  $10,550.05

2. Debtor shall cure the Arrears as set forth above by paying one-sixth (1/6) of the Arrears per month ($1,758.34/month) for the next five (5) months with a final sixth payment of ($1,758.35) together with the regular monthly mortgage payment (currently $1,576.45/month) for a total monthly payment of $3,334.79 *monthly* for the next five months with a final sixth payment of $3,334.80 beginning on **February 1, 2021**. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this Paragraph 2 shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payment.

2. Payment(s) due in accordance with this Consent Order/Stipulation shall be due on or before the 1st of each month.

3. Debtor shall make the regular monthly payments required to the Trustee.

4. All payments due to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT from Debtor are to be made directly to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT at P.O. Box 814609, Dallas, TX 75381-4609, making sure that Creditor's loan number appears on all payments.

5. In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT and/or Counsel may give Debtor and Debtor's counsel notice of the default.

6. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT shall immediately have relief from the bankruptcy stay.

7. Debtor shall pay $100.00 for each Notice of Default issued by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT as a result of Debtor's failure to make payments in accordance with this Order.

8. The failure by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT's rights hereunder.

9. Upon issuance of the aforesaid Order, the parties hereto further agree that Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT (and any assignee/successor-in-interest) may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

10. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT, through Counsel, may file a certification setting forth said failure and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT shall be granted immediate relief from the automatic stay.

11. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT.

12. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/Daniel P. Jones, Esq.
Daniel P. Jones, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
djones@sterneisenberg.com
Counsel for Creditor
Date: January 27, 2021

Brad J. Sadek, Esq.
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Email: brad@sadeklaw.com
Counsel for Debtor(s)

Date: 1/27/21

No Objection

/s/ LeeAne O. Huggins    February 1, 2021
William C. Miller, Esq.
P.O. Box 1229
Philadelphia, PA 19105
CH 13 Trustee

Date: